IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DOYLE E. TULLOS                                              PLAINTIFF

v.                    No. 4:18-cv-926-DPM

BIOMET, INC., *et al.*                                       DEFENDANTS

JOHNNY LUCAS                                                 PLAINTIFF

v.                    No. 4:19-cv-161-DPM

BIOMET ORTHOPEDICS LLC, *et al.*                             DEFENDANTS

GARY SANDEN and SUSAN SANDEN                                 PLAINTIFFS

v.                    No. 4:19-cv-162-DPM

BIOMET, INC., *et al.*                                       DEFENDANTS

DILLARD SHERRILL and
PATRECA M. SHERRILL                                          PLAINTIFFS

v.                    No. 4:19-cv-163-DPM

BIOMET ORTHOPEDICS LLC, *et al.*                             DEFENDANTS

VALENA HONEYCUTT                                             PLAINTIFF

v.                    No. 4:19-cv-216-DPM

JOHN CUCKLER, M.D., *et al.*                                 DEFENDANTS

## ORDER

By agreement of the parties, the Protective Order entered in the MDL, Exhibit C to № 242 in No. 3:12-md-2391, which is attached to this Order, is entered — as amended — in all these cases. The amendments: (1) disputes must be handled pursuant to this Court's procedure, which will be in the Final Scheduling Order; (2) if practicable, parties must redact confidential information and file papers on the public docket rather than under seal, FED. R. CIV. P. 5.2; (3) the Protective Order shall remain in effect for one year after the end of all litigation in these five cases, including any appeal; thereafter, the obligations in this Protective Order shall continue but shall be solely a matter of contract among the parties, their lawyers, and signatories; and (4) the "and/or" in paragraph 6(g) is corrected to "or."

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

9 May 2019

**EXHIBIT C**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| IN RE: BIOMET M2a MAGNUM HIP IMPLANT PRODUCTS LIABILITY LITIGATION (MDL 2391)<br><br>This Document Relates to All Cases | ) ) ) ) ) ) ) ) )     CAUSE NO. 3:12-md-2391 |

## STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY

It appearing that certain information, documents, and things of the parties subject to discovery in the above-captioned action is likely to involve the disclosure of confidential information, including by way of example and not limitation, financial, marketing, technical, licensing, research and development and other commercial information (hereinafter referred to as "Confidential Information"), that the parties reasonably believe to comprise sensitive and valuable information whose disclosure could cause a party competitive harm:

IT IS HEREBY STIPULATED by the attorneys for the parties, and approved by the court, that pursuant to Federal Rule of Civil Procedure 26(c)(1) and Federal Rule of Evidence 502(d):

1.    This Stipulation and Protective Order shall apply to all information, documents, and things subject to discovery in this action, including, without limitation, testimony adduced at depositions upon oral examination or upon written questions pursuant to Rules 30 and 31, information and documents produced in response to Fact Sheets, answers to Interrogatories pursuant to Rule 33, documents produced pursuant to Rule 34, information obtained from inspection of premises or things pursuant to Rule 34, and answers to requests for admission pursuant to Rule 36. This Protective Order supersedes all prior orders entered in actions in MDL No. 2391 prior to their

transfer to the MDL and governs discovery that has already been produced and discovery to be produced in the future.

2. Any party to this litigation and any third-party shall have the right to designate as Confidential Information subject to this Order any information, document, or thing, or portion of any document or thing that contains: (a) trade secrets, competitively sensitive technical, marketing, licensing, research and development, financial, sales or other proprietary or confidential business information; (b) private or confidential personal information; (c) information received in confidence from third parties; or (d) information that the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. Any party to this litigation or any third-party covered by this Order, who produces or discloses any Confidential Information, including, without limitation, any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Confidential").

3. The parties agree to produce Confidential Information only upon the condition that the information remain confidential.

4. The parties agree that a party's designation of material as confidential shall be made only after a bona fide determination that the material is in fact Confidential Information. The designation shall be made prior to, or contemporaneously with, production or disclosure of that material, except as set forth in Paragraph 17 below. All parties and non-parties shall have the right to object to the designation of Confidential Information by appropriate motion before the court pursuant to the procedure set forth in Paragraph 11 below.

5. All Confidential Information shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal, or any other purpose whatsoever other than pursuing this litigation, including trials and any appeals herein, and shall not be disclosed by the receiving party

to anyone other than those set forth in Paragraph 6, unless and until the restrictions herein are removed either by written agreement of counsel for the parties or by order of the court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential Information, provided that such advice and opinions shall not reveal the content of such Confidential Information except by prior written agreement of counsel for the parties or by order of the court.

6. Confidential Information and the contents of Confidential Information may be disclosed only to the following individuals under the following conditions:

   a. Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

   b. Outside experts or consultants retained by outside counsel for purposes of this action, except that in no event shall any disclosure be made to employees, officers, or directors of any competitors of a party, irrespective of whether they are retained as an expert or consultant for a party. For this paragraph, "employees" of a competitor shall mean individuals employed by a competitor who "can control what will be done and how it will be done," as defined in the Internal Revenue Service's definition of a common-law employee.

   c. Secretarial, paralegal, clerical, duplicating, and data processing personnel of the foregoing;

   d. The court and court personnel;

   e. Mediators, secretaries, paraprofessional assistants, and other employees of such mediators who are actively engaged in assisting the mediators in connection with this litigation;

f.  Any deponent may be shown or examined on any information, document, or thing designated Confidential if it appears that the deponent authored or received a copy of it, was involved in the subject matter described therein, or is employed by the party who produced the information, document, or thing, or if the producing party consents to such disclosure;

g.  Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial, and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

h.  To the extent such disclosure is made, the party shall be advised of, become subject to, and agree in advance of disclosure to the provisions of this Protective Order requiring that the material and information be held as confidential. In the case of parties that are corporations or other business entities, "party" shall mean an employee of the company who has responsibilities that are related to the issues in this litigation.

i.  Other persons that are designated by written agreement of court-appointed lead counsel for the plaintiffs and defendants to this MDL or by order of the court to be permitted access to Confidential Information.

7. The parties and their attorneys shall ensure that all persons falling within the description of Paragraph 6 that receive Confidential Information are advised of the terms of this Protective Order and the confidential nature of the Confidential Information and that they are precluded from disclosing the information to any person and in any manner that is not required in the pursuit of this litigation, including any subsequent appeals. The parties receiving the

Confidential Information must agree to comply with the terms of this Protective Order as a condition of receiving access to the Confidential Information. In addition, all persons falling within the description of Paragraph 6, subparts (b), (h), and (i), shall, before obtaining access to the Confidential Information, be advised of this Protective Order and personally sign and date the Endorsement of the Protective Order, attached hereto as Exhibit A. It shall be the responsibility of the counsel who shares Confidential Information with any such person to apprise them of this Order, require the person to sign Exhibit A, and thereafter maintain custody of signed Exhibit A.

8. Confidential material shall be used only by individuals permitted access to it under Paragraph 6. Confidential Information, copies thereof, and the information contained therein shall not be disclosed in any manner to any other individual until and unless (a) outside counsel for the party asserting confidentiality expressly waives the claim of confidentiality, or (b) the court orders such disclosure.

9. Any person in possession of Confidential Information shall exercise reasonably appropriate care with regard to the storage, custody, or use of such Confidential Information in order to ensure that its confidentiality is maintained.

10. With respect to any depositions that involve disclosure of Confidential Information of a party to this action, such party shall have 30 days after receipt of the deposition transcript to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual, other than the individuals described in Paragraph 6 above, and the deponent during these 30 days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual, other than those described in Paragraph 6 above, during the 30 day period. Upon being informed that certain portions of a deposition are to be designated as Confidential Information, all parties shall immediately cause each copy of the transcript in their custody or control to be appropriately marked as confidential and limit disclosure of that transcript in accordance with Paragraphs 6 and 7 above.

11. The acceptance by a party of any information, document, or thing identified as Confidential Information shall not constitute a concession that the information, document, or thing is confidential. Subsequent to the acceptance of information, documents, or things identified as Confidential, a party may challenge the other party's claim of confidentiality. If counsel for a party receiving documents or information designated as Confidential objects to such designation of any or all of such items, the following procedure shall apply:

> a. Material or information claimed to be Confidential that is subject to a dispute as to whether it is in fact confidential shall, until further agreement of the parties or order of the court, be treated as confidential in accordance with the provisions of this Protective Order.
>
> b. Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within 30 days and shall state with particularity the grounds for asserting that the document or information is Confidential Information. If the designating party or non-party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith, in accordance with Local Rule 37-1, in an effort to resolve the dispute. If no timely written response is made to the objection, the challenged designation will be deemed to be void. The decision to permit a party to subsequently reinstate a confidentiality designation that has been deemed void by the provisions of this Paragraph is within the discretion of the court. If the court permits the party to reinstate a confidentiality designation, the document shall be treated as an inadvertently disclosed document as set forth in Paragraph 17 below.

c. If a dispute as to a Confidential designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the court initially by joint telephone call with the adverse party or by letter before filing a formal motion for an order regarding the challenged designation.

12. Any interested member of the public may challenge a party's designation of information, document, or thing as Confidential Information by filing a motion before the court showing grounds why disclosure is warranted.

13. In the event a party shall desire to provide access to information, documents, or things identified as Confidential Information to any person or category of persons, who are persons not included in Paragraphs 6 hereof, the party shall so notify the other party 30 days in advance of such access in writing and if the other party objects thereto, the party desiring to make disclosure shall move this court for an order that such person or category of persons may be given access to the Confidential Information. In the event the motion is granted, such person or category of persons may have access to the Confidential Information provided that such person personally signs and dates the Endorsement of the Protective Order attached hereto and otherwise complies with Paragraph 7 above and such other terms as the court may impose.

14. All transcripts, depositions, exhibits, answers to interrogatories, and other documents filed with the court that previously have been designated by a party as comprising or containing Confidential Information, or any pleading or memorandum purporting to reproduce or paraphrase such information, shall comply with Local Rule 5-3 and shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of this litigation, an indication of the nature of the contents, the words "CONFIDENTIAL" and "RESTRICTED ACCESS ACCORDING TO COURT ORDER", and a statement in substantially the following form:

"This envelope, containing documents that are filed in this case by (name of party), is not to be opened nor are the contents thereof to be displayed or revealed except by order of the court or consent of the parties."

15. The special restrictions and obligations relating to Confidential Information shall not apply to any information that is not so marked and shall not apply to any information that the parties concerned agree, or the court rules, is public knowledge, or becomes public knowledge other than as a result of disclosure by an individual receiving the same pursuant to Paragraph 6 above, or that has come or shall come into possession of the party receiving the same other than as a result of disclosure as Confidential Information in this litigation. The special restrictions and obligations shall not be deemed to prohibit the party receiving the same or its outside counsel from discussing with any person any Confidential Information if said person already has possession of the information to be discussed other than as a result of disclosure as Confidential Information in this litigation.

16. The use of Confidential Information as evidence at trial and the issue of whether the information shall be subject to any protections shall be determined by the court at the appropriate time.

17. The procedure relating to inadvertent or unintended disclosure pursuant to discovery in this lawsuit of Confidential Information as defined in this Order, is set forth in section XII.B of Case Management Order No. 2, which was entered by the court on this date.

18. This Protective Order shall survive the termination of this action and shall remain in full force and effect unless modified by an order of this court or by the written stipulation of the parties approved by the court.

19. Within 30 calendar days of the conclusion of this MDL, including any appeals related thereto, at the written request and opinion of the producing party, such attorney and any persons to whom he or she disclosed Confidential Information under this Order shall return and surrender or destroy any such material or copies thereof to the producing party at the producing party's expense.

Such persons shall return or surrender any discovery materials produced by the producing party and any and all copies (electronic or otherwise); provided, however, that counsel may retain Endorsements of Protective Order, materials required to be retained by applicable law, and all court-filed documents even though they contain discovery materials produced by the producing party, but such retained Confidential Information shall remain subject to the terms of this Order. At the written request of the producing party, any person or entity having custody or control of discovery materials produced by the producing party shall deliver to the producing party an affidavit certifying that reasonable efforts have been made to assure that all such discovery materials produced by the producing party have been delivered to the producing party in accordance with the terms of this Order or destroyed. In lieu of returning the materials, the producing party may direct that the materials be destroyed in a manner that will protect the Confidential Information and the destroying party shall certify that it has done so.

APPROVED: February 15, 2013

                                           /s/ Robert L. Miller, Jr.
                                           Robert L. Miller, Jr.
                                           Judge, United States District Court